[No. 3,885.]

· ESTATE OF JAMES DOAK, DECEASED.

APPOINTMENT OF AN ADMINISTRATOR.—If there is a contest in the Probate Court between the Public Administrator and a creditor of an estate as to which shall administer, and other creditors request the Court to appoint the Public Administrator, it is within the discretionary power of the Court to appoint the Public Administrator.

WHO ENTITLED TO ADMINISTER. — *Query?* Is a person who purchases a claim against an estate after the death of the decedent a creditor who is entitled to be preferred to the Public Administrator as administrator of the estate?

APPEAL from the Probate Court of Sacramento County.

The facts are stated in the opinion.

*McKune & Welty,* for Appellant, cited *Estate of Boyle,* 25 Cal. 515.

*Hamilton & Dunlap,* for Respondent, cited Sec. 1367, Code of Civil Procedure.

By the COURT :

It appears that on April tenth, Feldheim, the Public Administrator, applied to the Probate Court of Sacramento County for letters of administration upon the estate of Doak. At that time Quin was not a creditor of the estate, nor in anywise entitled to letters, but on April seventeenth he purchased a valid claim against the estate, and on the next day filed his petition claiming letters as being such

creditor and as being legally competent to administer upon the estate.

At the hearing of the contest for letters between Feldheim and Quin, Knott & Bullard (who we understand from the findings to have also become creditors of this estate by purchasing claims against it after the death of Doak) made to the Court their requests that Feldheim be appointed administrator of the estate; the Court, thereupon, entered an order appointing him and dismissing the petition of Quin, who now prosecutes this appeal from the order.

The Court below was of the opinion that Quin, asserting himself to have become a creditor only after the death of the decedent by the purchase of a claim against the estate, was not to be regarded as a *creditor*, within the classification of the Code of Civil Procedure, section one thousand three hundred and sixty-five, so as to entitle him to be preferred to Feldheim, the Public Administrator; the discussion had at bar was mainly upon this point. But upon looking into the record, we think that, irrespective of that question, the order entered below must be affirmed, because, if Quin was not a creditor within the intent of section one thousand three hundred and sixty-five of the statute referred to, his petition was properly denied on that ground alone; if, however, he is to be considered as such creditor, then Knott & Bullard, being also creditors, and requesting the appointment of Feldheim, the determination of the application fell within the discretion of the Court below, and there is no ground for disturbing it here. (Code Civ. Pro., Sec. 1367.)

Order affirmed.